THE STATE OF OHIO, APPELLEE, *v.* ANDERSON, APPELLANT.

(Nos. C-830529 and -830530—Decided May 9, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. Christian J. Schaefer,* for appellee.

*Mr. Terry Serena,* for appellant.

*Per Curiam.* These causes came on

to be heard upon appeals from the Court of Common Pleas of Hamilton County, Ohio.

The proceedings from which these consolidated appeals derive were initiated in the court of common pleas after the defendant-appellant, Victor L. Anderson, was charged in separate indictments returned by the grand jury with one count of felonious assault and one count of child endangering. Both charges stemmed from an incident that occurred on the evening of February 26, 1983, when Anderson took it upon himself to discipline the three-year-old son of the woman with whom he was then sharing an apartment. Before going to bed for the evening, the child had apparently violated one of the rules of the household by going into the bathroom of the apartment to get a drink of water from the tap in the bathtub. This rather insignificant instance of misconduct was met by a particularly harsh and unusual form of punishment. When Anderson discovered the child in the bathroom, he took a hose that was normally employed to supply water to a shower nozzle and used it to spray hot water directly on several parts of the boy's body. The heat of the water was so intense that it blistered the skin of the face and one hand, causing a number of second degree burns that necessitated in-patient treatment at a local hospital.

After the charges were lodged against Anderson, he sought to compel an election between the two counts pursuant to Crim. R. 14, arguing that he could not be placed in jeopardy for both offenses because they were, under R.C. 2941.25, allied offenses of similar import that arose from the same course of conduct. When this request was denied, he was brought to trial before a jury and was found guilty of both counts as he stood charged in the indictments. The sentences imposed by the court in connection with the judgments entered pursuant to the separate findings of guilt consisted of concurrent terms of incarceration in the Ohio State Reformatory; Anderson was ordered to serve an indeterminate term of five to fifteen years for the felonious assault count and a second indeterminate term of two to five years for the child endangering count. In these appeals, he now seeks the reversal of both convictions, having given us three assignments of error for review.

The first of the three assignments is premised upon the same theory invoked in support of the unsuccessful pretrial effort to compel an election between the separate charges contained in the two indictments. In our minds, it poses the most troublesome question in these proceedings. Relying upon the terms of R.C. 2941.25(A), Anderson asserts that the trial judge erred by entering dual convictions and imposing multiple punishments for two offenses that were, under the circumstances, allied offenses of similar import committed with the same animus.

The statute that forms the basis for this initial claim of error reads, in full, as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25.

Although the prohibition against multiple convictions is stated in clear and unequivocal terms, there is no stan-

dard separately set forth in the Revised Code to define those instances in which distinctly codified offenses are to be considered as allied offenses of similar import. In the absence of any specific guidelines from the General Assembly, the Ohio Supreme Court has adopted a test predicated, in part, upon the analysis employed in *Blockburger* v. *United States* (1932), 284 U.S. 299.[1] Application of the test to a particular case entails a comparison of the elements of the respective statutory offenses with which the defendant is charged. If the offenses have elements corresponding to such a degree that the commission of one offense will result in the commission of the other, it is then said that they are allied offenses of similar import.[2] *State*

v. *Johnson* (1983), 6 Ohio St. 3d 420; *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447]; *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373].

It is, however, by no means clear how the test is to be applied in each instance. It may, on the one hand, simply require a comparison of the elements of the charged offenses in the abstract. On the other hand, it is conceivable that the analysis should entail an examination of the particular facts underlying the respective charges. Because the application of the two methods may not necessarily yield the same result, we think it fair to say that the test, as it is presently constituted, may pose as many questions as it is designed to answer.[3]

In the case *sub judice,* Anderson was

---

[1] In *Blockburger,* the question before the United States Supreme Court was whether a series of transactions involving the sale of narcotics constituted separate offenses, rather than a single offense, under federal law. The court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether they are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304.

Although we have indicated that the Ohio Supreme Court has borrowed from the analysis in *Blockburger* to formulate its own test for determining whether two offenses are allied offenses of similar import within the meaning of R.C. 2941.25(A), the two tests are not necessarily the same. The distinction between them was brought to light in *State* v. *Moss, infra,* at 521, where Justice Locher noted that the *Blockburger* test is merely a rule of statutory construction that need not be controlling when there exists a separate means for ascertaining the legislative intent behind the codification of distinct statutory offenses. See, also, *Albernaz* v. *United States* (1981), 450 U.S. 333.

[2] In the event that it is determined that two offenses are allied offenses of similar import within the meaning of R.C. 2941.25(A), there is a second step in the analysis.

Specifically, it must be determined whether the offenses were, in the context of the particular facts underlying the charges, committed separately or with separate animus. R.C. 2941.25(B). We do not find it necessary in the case *sub judice* to reach this latter question for reasons that will become apparent *infra.*

[3] After the merits of this case were argued before us, the Ohio Supreme Court released a decision involving the application of the test for determining whether two offenses are allied offenses of similar import under R.C. 2941.25(A). In *State* v. *Bickerstaff* (1984), 10 Ohio St. 3d 62, the court held that aggravated murder, as it is defined in R.C. 2903.01, and aggravated robbery, as it is defined in R.C. 2911.01, are not allied offenses of similar import. It is clear from the terms of the decision that the holding derived from a comparison of the elements of the respective offenses in the abstract. The relevant analysis is set forth in a single paragraph at 66 as follows:

"Today, we find that aggravated murder, as defined in R.C. 2903.01, is not an allied offense of similar import to aggravated robbery, as defined in R.C. 2911.01, for purposes of R.C. 2941.25(A). Clearly, the crimes and their elements do not correspond to such a degree that commission of one offense constitutes commission of the other, nor is the commission of one merely incidental to the

charged with felonious assault under R.C. 2903.11(A) and with child endangering under R.C. 2919.22(B)(1). To carry its burden of proof with respect to the felonious assault charge, it was incumbent upon the prosecution to demonstrate at trial that Anderson knowingly caused serious physical harm to another person, regardless of that person's age. The child endangering charge, in turn, required the prosecution to show that he tortured or cruelly abused a child under eighteen years of age. The question before us, then, is whether the elements of the two offenses as they were set forth in the separate indictments corresponded to such a degree that the commission of the felonious assault necessarily resulted in the commission of the child endangering.

From our comparison of the two offenses, we are persuaded that the question must be answered in the negative. In our estimation, the offense of child endangering has, under the definition set forth in R.C. 2919.22(B)(1), been marked by the legislature with certain attributes so unique that it must be construed as a crime wholly separate and distinct from that of felonious assault. In this regard, we note specifically that the legislature has chosen to bestow special protection upon children by crafting an offense that, in essence, involves the infliction of torture or cruel physical abuse on those who have yet to attain the age of majority. Because the peculiar elements at the heart of the crime play no essential part in the definition of felonious assault under R.C. 2903.11(A), it is fair to say that an act of felonious assault will not perforce result in an act

of child endangering.[4] We must conclude, therefore, that the two offenses were properly found by the trial judge not to constitute allied offenses of similar import within the meaning of R.C. 2941.25. The first assignment of error is without merit.

Anderson's second assignment of error is predicated upon the trial judge's refusal to give the jury an instruction on the elements of assault as a lesser included offense of the charged offense of felonious assault. The instruction was warranted in view of the evidence presented at trial, Anderson reasons, because the jury might reasonably have found, under the circumstances, that he did not possess the mental state necessary to commit an act of felonious assault, and that his punishment of the child did not result in serious physical harm.

We cannot validate this second claim of error for two reasons. In the first instance, it is clear from the record that the request for an instruction on the lesser included offense was not submitted to the court in writing. It may be said, therefore, that the asserted error was not properly preserved for review on appeal upon the authority of Crim. R. 30 and our application of the rule in *State* v. *Cash* (August 31, 1983), Hamilton App. No. C-820844, unreported. See, also, *State* v. *Fanning* (1982), 1 Ohio St. 3d 19.

Even if the instruction had been requested in accordance with law, we are convinced that the state of the evidence adduced at trial effectively precluded the consideration of the lesser included offense under the analysis employed in

---

other. Thus, the trial judge acted within the sentencing authority of R.C. 2941.25(B) when he sentenced the appellant on the convictions for aggravated robbery and aggravated murder."

[4] In our estimation, the legislative intent

to create separately punishable offenses outside the reach of R.C. 2941.25 is apparent on the face of the statutes defining the respective offenses. As in *Moss, supra,* we do not, therefore, find it necessary to resort to the *Blockburger* rule of statutory construction. See fn. 1, *supra.*

*State* v. *Solomon* (1981), 66 Ohio St. 2d 214. In *Solomon,* it was held that an instruction on a lesser included offense shall be given only when the evidence is such that the trier of fact can find for the defendant and against the state on some element of the greater offense that is not required to prove the lesser offense. In this case, the import of the prosecution's evidence at trial was clear and unmistakable, and we are convinced that the trier of fact could have concluded only that the punishment was inflicted knowingly, and that it caused serious physical harm. Judging the evidence by the standard articulated in *Solomon,* we must conclude, therefore, that the second assignment of error is without merit.

In the final assignment of error, Anderson argues that the trial judge improperly permitted the prosecution to elicit testimony concerning the events surrounding the charged offenses from a six-year-old child. To maintain this assertion, he relies upon Evid. R. 601(A), which provides that a child under ten years of age is incompetent to be a witness when it appears that he is incapable of receiving just impressions of the facts about which he is called upon to testify, or of relating those facts in a truthful manner.

The record reflects that the judge presiding in the court below conducted a *voir dire* examination of the child before ruling upon his competency as a witness. In the course of the examination, counsel was afforded the opportunity to make separate inquiry into the child's understanding of the relevant events and his appreciation of his duties as a witness. Based upon the responses given to the various questions, we cannot say that there was an insufficient foundation upon which to demonstrate the child's qualifications under Evid. R. 601(A). We are persuaded, therefore, that the third assignment of error is without merit.

The judgments of the court of common pleas are hereby affirmed.

*Judgments affirmed.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.