THE STATE OF OHIO, APPELLEE, *v.* COCKSHUTT, APPELLANT.

(No. C-880076—Decided February 8, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Christian J. Schaefer,* for appellee.

*Martin Pinales,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

Following a trial to a jury, the defendant-appellant, Johnny Cockshutt, was convicted of two counts of rape of a child under the age of thir-

teen. On appeal, the appellant raises four assignments of error. After reviewing the record and the appellant's arguments, we affirm the judgment of the trial court.

At the time of the offenses, the appellant lived next door to his sister, Debbie Dase, and her daughter, Regina. One afternoon in July, August or September 1985, the appellant invited his niece over to his apartment. When Regina entered the apartment, the appellant asked her to sit on the bed. The appellant then removed Regina's pants, took off his shorts, and jumped on top of her. The appellant placed his penis on top of the victim's vagina. He then forced his niece to participate in cunnilingus and fellatio with him. At the time, Regina was eight years old.

Following this activity, Regina left the appellant's apartment. Her mother, Debbie, noticed Regina leaving the appellant's apartment building. Debbie yelled at her daughter for going into the appellant's apartment. Regina was crying, but she did not tell her mother what had happened.

In the winter of 1986 to 1987, Regina's teacher noticed that Regina was becoming "preoccupied with sex" and that her performance in school was deteriorating. The teacher referred Regina and her mother to a counseling service. Eventually, Regina described what had happened in 1985 with the appellant.

In September 1987, the appellant was arrested and charged with rape. A jury trial held in November 1987 ended in a mistrial. A second jury trial held in January 1988 resulted in a finding of guilty. The appellant appealed to this court.

The appellant first assigns error to the trial court's denial of his motion for a mistrial. While testifying, Debbie referred to the fact that the appellant had spent time in jail. Specifically, Debbie stated that one of the photographs used during the trial was taken right after the appellant got out of jail. The appellant moved for a mistrial. The trial court denied the motion and instructed the jury to "not give any consideration" to the reference made by the witness to the fact that the appellant had been in jail.

We recognize that generally the prosecution may not introduce evidence of other criminal acts of the accused. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 2 O.O. 3d 495, 358 N.E. 2d 623. Therefore, references to the fact that an accused spent time in jail for a prior offense may be improper. However, in this case, the prosecution did not elicit the comment in question and the prosecution avoided all references to this during the trial and made no comments upon it during arguments to the jury. Furthermore, the remark made by the witness did not specify the crime the appellant had committed causing his prior incarceration. Under these circumstances, we find that the curative instruction was sufficient to preserve the appellant's right to an impartial jury. See *State* v. *Zuern* (1987), 32 Ohio St. 3d 56, 512 N.E. 2d 585, certiorari denied (1988), 484 U.S. 1047. Accordingly, we find that any prejudice to the appellant resulting from the reference to the fact that he had been in jail was remedied by the curative instruction given to the jury immediately after the improper comment. We find no abuse of discretion by the trial court in overruling the appellant's motion for a mistrial. See *State* v. *Washington* (Dec. 26, 1984), Hamilton App. No. C-840208, unreported. The first assignment of error is overruled.

The appellant's second assignment of error contends that the trial court improperly excluded two spectators from the courtroom during the testimony of the victim. The prosecution informed the trial court that

Regina had expressed concern regarding the presence of her aunt and grandmother (the appellant's wife and mother) in the courtroom during her testimony. The trial court granted the prosecutor's motion to remove these two persons on the ground that the victim indicated that their presence would intimidate her. The appellant maintains that the exclusion of these two spectators violated his right to a public trial.

An accused's right to a speedy and public trial is guaranteed by both Section 10, Article I of the Ohio Constitution, and the Sixth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment. *In re Oliver* (1948), 333 U.S. 257. However, the trial judge is responsible for the conduct of a trial and has discretion to issue reasonable orders excluding spectators in order to prevent intimidation of a witness. *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 2 O.O. 3d 249, 357 N.E. 2d 1035. Accordingly, a reasonable and necessary order for this purpose is not a denial of the right to a public trial. *Id.*

In the instant case, an eleven-year-old victim of a rape indicated, through her counsel, that the presence of two relatives would intimidate her during her testimony that her uncle had sexually attacked her. The trial court ordered the removal of these two spectators from the courtroom for the duration of the victim's testimony. We find that this restrictive order was reasonable and necessary to prevent intimidation of the witness and did not deny the defendant's right to a public trial. See *Bayless, supra.* Cf. *State* v. *Hensley* (1906), 75 Ohio St. 255, 79 N.E. 462 (an exclusion order which is too general in character is violative of the right to a public trial). The second assignment of error is without merit.

The appellant, in his third assignment of error, contends that the trial court erred in denying his motions for judgment of acquittal since the verdict was against the manifest weight of the evidence. In reviewing a claim that the judgment in a criminal case is against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, and determines whether the jury clearly lost its way in resolving conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed. *Tibbs* v. *Florida* (1982), 457 U.S. 31; *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148. However, the weight to be given the evidence and the credibility of witnesses are primarily for the trier of the facts. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212.

In the instant case, the appellant maintains that the testimony of the victim is not credible because she waited two years to report the crime, she testified that she had seen ghosts and witnessed strange occurrences, and she admitted that she had invented a story about a man watching her at school. However, the victim's mother explained that Regina's reporting of the rape occurred after the school Regina attended noticed changes in her behavior and performance and referred her to a counseling service. The victim's mother also testified that the strange occurrences witnessed by Regina had been caused by natural phenomenon such as wind and earth tremors. Furthermore, Regina's belief in ghosts apparently was generated by her mother, who stated to her children that her deceased brother's spirit remained with them. Regina also admitted that she had lied before, but she insisted that she was telling the truth about her uncle. The jury heard the testimony of the victim and her mother

and further heard that the victim had fabricated a story about a man watching her. Nonetheless, the jury chose to believe the victim's testimony. Given all the evidence, we do not find that the jury clearly lost its way and created a manifest miscarriage of justice in believing Regina's testimony. The judgment of guilty was not against the manifest weight of the evidence and the motion for judgment of acquittal was properly denied. The third assignment of error is overruled.

Finally, the appellant contends that the trial court committed error when it failed to instruct the jury on lesser included offenses. A request for jury instructions on lesser included offenses must be made in writing. *State v. Cash* (Aug. 31, 1983), Hamilton App. No. C-820844, unreported. The record indicates that the appellant's request was not made in writing. Therefore, the trial court did not err in refusing to give the requested instructions. The last assignment of error is overruled.

The appellant's assignments of error are without merit. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.