**The STATE of Ohio, Appellee,**

v.

**CAMPBELL, Appellant.**

[Cite as *State v. Campbell* (1991), 74 Ohio App.3d 352.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890477.

Decided May 29, 1991.

354

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *L. Susan Laker,* for appellee.

*Christopher J. Cornyn,* for appellant.

*Per Curiam.*

This cause came on to be heard upon appeal from the Hamilton County Court of Common Pleas.

Defendant-appellant, Christopher Campbell, has taken the instant appeal from his conviction of murder. On appeal, the defendant advances five assignments of error.

 The defendant contends in his first assignment of error that the juvenile court abused its discretion in relinquishing to the criminal division of the common pleas court jurisdiction over the complaint charging him with delinquency. We find no merit to this contention.

R.C. 2151.26 provides in relevant part:

"(A)(1) * * * after a complaint has been filed alleging that a child is delinquent by reason of having committed an act that would constitute a felony if committed by an adult, the [juvenile] court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"(a) The child was fifteen or more years of age at the time of the conduct charged;

"(b) There is probable cause to believe that the child committed the act alleged;

"(c) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make the examination, that there are reasonable grounds to believe that:

"(i) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(ii) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority.

" * * *

"(F) Upon such transfer, the juvenile court shall state the reasons for the transfer * * *. The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged· in the complaint."

Juv.R. 30 governs the procedure for relinquishing jurisdiction, and Juv.R. 30(E) sets forth the following factors for consideration by the juvenile court in determining the juvenile's amenability to rehabilitation:

(1) The child's age and his mental and physical health;

(2) the child's prior juvenile record;

(3) efforts previously made to treat or rehabilitate the child;

(4) the child's family environment; and

(5) school record.

The juvenile court's decision to retain or relinquish jurisdiction is discretionary and will not be disturbed on appeal except upon an abuse of that discretion. *State v. Watson* (1989), 47 Ohio St.3d 93, 547 N.E.2d 1181.

We note as a preliminary matter that the juvenile court's order transferring jurisdiction to the criminal division of the common pleas court appears in the form of a handwritten entry and a separate formal entry, both of which were placed of record on the same day. The handwritten entry is in part illegible, but nevertheless clearly contains a post-hearing determination "that the minor here is amenable to rehabilitation in a juvenile facility * * *." The formal entry, on the other hand, substantially tracks the language of the statute and the rule and states the juvenile court's finding that "[h]e is not amenable to care or rehabilitation in any facility disigned [*sic*] for the care, supervision, and rehabilitation of delinquent children."

The defendant contends that the handwritten entry controls and that, because the court found the defendant amenable to rehabilitation, the jurisdiction of the juvenile court was improvidently relinquished. We disagree.

■ In determining which entry controls, we are guided by the principle that an appellate court is bound by the hypothesis that validates the action of the court below. See *State v. Horan* (Nov. 13, 1985), Hamilton App. No. C–850059, unreported. Both entries were generated as a result of the bind-over hearing conducted pursuant to R.C. 2151.26 and Juv.R. 30, and as a consequence of the juvenile court's order, jurisdiction was relinquished to the criminal division of the common pleas court. The juvenile court could relinquish jurisdiction only upon its determination, contained only in the formal entry, that the defendant was not amenable to rehabilitation. We, therefore, conclude that the formal entry controls because it is consistent with the juvenile court's transfer of jurisdiction.

■ The defendant also asserts that the evidence adduced at the bind-over hearing relevant to the Juv.R. 30(E) factors does not support a determination that the defendant would not be amenable to care or rehabilitation through the juvenile justice system. We are unpersuaded.

■ The determination that a juvenile would not be amenable to rehabilitation must be made upon the totality of the evidence. *Watson, supra.* In so determining, the juvenile court need not resolve each of the Juv.R. 30(E) factors against the juvenile and may consider factors that, although not

enumerated in the rule, are relevant to the court's determination. *Id.* The Ohio Supreme Court has found the nature and seriousness of the act with which the juvenile has been charged to be relevant to the Juv.R. 30(E) factors of age and mental health. Therefore, in determining a juvenile's amenability to rehabilitation, a juvenile court may consider the nature and seriousness of the alleged criminal act. *Id.*

The defendant was, at the time of the alleged offense, sixteen years old. He was charged with delinquency in connection with the death of Larry Hellweg, who died as a result of a blow to the back of the head, allegedly administered by the defendant with a baseball bat. Balancing these facts with the concededly favorable testimony presented by the defendant at the bind-over hearing, we cannot say that the juvenile court abused its discretion in concluding that the defendant would not be amenable to rehabilitation in the juvenile justice system. We, therefore, overrule the first assignment of error.

■ The defendant, in his second assignment of error, assails the trial court's refusal to instruct the jury on the lesser-included offense of involuntary manslaughter. This challenge is well taken.

■ We reject at the outset the state's contention that the defendant's failure to request the instruction in writing constituted a waiver. "After arguments are completed, a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder. (Crim.R. 30[A], construed.)" *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus.[1]

■ A criminal defendant is entitled to an instruction on a lesser-included offense if (1) the offense on which the instruction is requested is lesser than and included within the charged offense under the analysis set forth in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294; and (2) the jury could reasonably conclude that the evidence supports a finding of guilt on the lesser offense and not the greater offense. R.C. 2945.74; Crim.R. 31(C); *State v.*

---

1. The decision of the Ohio Supreme Court in *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583, does not mandate a contrary result, and we overrule prior decisions of this court to the extent that we have held otherwise. See, *e.g., State v. Cockshutt* (1989), 59 Ohio App.3d 87, 571 N.E.2d 464; *State v. Edwards* (Jan. 21, 1987), Hamilton App. Nos. C–860204, C–860218, unreported, 1987 WL 5514; *State v. Nicholas* (July 30, 1986), Hamilton App. No. C–850713, unreported, 1986 WL 8407; *State v. Miller* (Oct. 24, 1984), Hamilton App. No. C–840067, unreported; *State v. Anderson* (1984), 16 Ohio App.3d 251, 16 OBR 275, 475 N.E.2d 492; *State v. Rayford* (Feb. 8, 1984), Hamilton App. No. C–830291, unreported, 1984 WL 6736; *State v. Cash* (Aug. 31, 1983), Hamilton App. No. C–820844, unreported, 1983 WL 5168.

*Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286; *State v. Johnson* (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082.

■ "Murder" is defined in R.C. 2903.02 as purposely causing the death of another. "Involuntary manslaughter" is defined in R.C. 2903.04 as causing the death of another as "the proximate result of the offender's committing or attempting to commit" a felony or a misdemeanor. When the felony or misdemeanor underlying the offense of involuntary manslaughter constitutes an act in direct violation of the physical integrity of the victim, involuntary manslaughter is a lesser-included offense of murder. *State v. Fee* (Nov. 21, 1984), Hamilton App. No. C–840060, unreported, 1984 WL 7074.

The second step in the analysis entails a review of the evidence adduced at trial. The state produced several eyewitnesses who testified that the defendant struck the victim in the head from behind with a "little league"-sized baseball bat as the victim stood on the fringes of a drunken brawl at the entrance to a parking garage in downtown Cincinnati. The defendant, who testified at trial, admitted to striking a different individual on the shoulders with a "souvenir" baseball bat, but denied possessing a larger bat or striking the victim.

The Ohio Supreme Court in *State v. Wilkins* (1980), 64 Ohio St.2d 382, 18 O.O.3d 528, 415 N.E.2d 303, held:

"If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.

"The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant." *Id.* at 388, 18 O.O.3d at 532, 415 N.E.2d at 308.

■ The statutory element that distinguishes murder from involuntary manslaughter is the mental state of the accused. A charge of murder requires proof that the accused acted "purposely," *i.e.*, with a "specific intention to cause" the death of another. R.C. 2903.02; 2901.22(A). The culpable mental state for the offense of involuntary manslaughter is supplied

by the underlying offense. R.C. 2903.11, which proscribes felonious assault, provides in relevant part:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another * * *."

Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result * * *."

There was no direct testimony presented at trial on the defendant's intent in striking the victim. We hold, however, that the jury reasonably could have determined from the manner, means, and circumstances of the offense that the defendant acted not with the specific intention of causing the victim's death, but with an awareness that his conduct would probably cause serious physical harm. Thus viewing the evidence in the light most favorable to the defendant, we hold that the defendant was entitled to a jury instruction on the lesser-included offense of involuntary manslaughter with felonious assault as the underlying offense. We, therefore, sustain the defendant's second assignment of error.

██ The defendant, in his third assignment of error, challenges as both a procedural and a substantive matter the trial court's response to the jury's request to hear again portions of the testimony presented at trial. This challenge is feckless.

During deliberations, the jury requested that the court "provide for the jury [the defendant's] testimony concerning where he was when the fight started until he ran, and where he ran. Secondly, [an eyewitness's] testimony [regarding the defendant's] whereabouts the first time [the witness] saw [the defendant] until he lost sight of him." After the court reporter read selected portions of testimony, defense counsel objected to the trial court's failure to consult counsel in selecting the testimony and in failing to resubmit the testimony in its entirety. Before returning the jury to its deliberations, the trial court afforded defense counsel an opportunity to review the testimony and to designate unread portions of the witnesses' testimony relevant to the jury's request. The record reflects no further discussion or action on the matter.

We are precluded from reviewing as a substantive matter the trial court's response to the jury's request because the record before us does not disclose what portions of the witnesses' testimony were read to the jury. The Ohio Supreme Court in *State v. Berry* (1971), 25 Ohio St.2d 255, 54 O.O.2d 374, 267 N.E.2d 775, approved the procedure employed by the court in the proceedings below, holding that "after jurors retire to deliberate, upon request from the

jury, a court in the exercise of sound discretion may cause to be read all or part of the testimony of any witness, in the presence of or after reasonable notice to the parties or their counsel." *Id.* at paragraph four of the syllabus.

In the instant case, we cannot say that the manner in which the trial court responded to the jury's request constituted an abuse of discretion when the testimony was read to the jury in the presence of counsel and counsel was afforded an opportunity to object to the testimony selected and to offer relevant supplementation. We, therefore, overrule the third assignment of error.

■ The defendant, in his final two assignments of error, presents apparently contradictory challenges. He contends in his fourth assignment of error that the trial court's instruction on the order in which the jury should consider the charge of murder and the lesser-included offense of voluntary manslaughter constituted an improper "acquittal first" instruction. In his fifth assignment of error, the defendant asserts that the evidence did not warrant an instruction on voluntary manslaughter.

The Ohio Supreme Court in *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, held:

"A jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense. If a jury is unable to agree unanimously that a defendant is guilty of a particular offense, it may proceed to consider a lesser included offense upon which evidence has been presented. The jury is not required to determine unanimously that the defendant is not guilty of the crime charged before it may consider a lesser included offense. (*State v. Muscatello* [1977], 57 Ohio App.2d 231, 11 O.O.3d 320, 387 N.E.2d 627, paragraph three of the syllabus, adopted.)" *Id.* at paragraph three of the syllabus.

In the instant case, the trial court instructed the jury as follows:

"[I]f, after considering all the evidence that has been presented to you on the charge of murder, you find that the State of Ohio has failed to prove all the essential elements of that crime, or if you cannot reach a decision as to whether or not the State has proven all the essential elements of the crime of murder, then you may, but are not required to consider whether or not the State has proven all the essential elements of a lesser-included offense described as voluntary manslaughter."

In our judgment, this instruction, which did not require "acquittal first" of the charged offense before consideration of the lesser-included offense and which incorporated the "inability to agree" language adopted in *Thomas, supra,* did not contain the coercive elements found objectionable by the court

in *Thomas, supra,* and constituted an accurate expression of the law. We, therefore, hold that the trial court did not err in so charging and, accordingly, overrule the fourth assignment of error.

Turning to the challenge advanced by the defendant in his fifth assignment of error, we agree with the defendant that the evidence adduced at trial did not warrant a jury instruction on voluntary manslaughter. However, we perceive no prejudice to the defendant occasioned by the delivery of the instruction or by the submission of the lesser offense of voluntary manslaughter for the jury's consideration when the jury found the defendant guilty of the greater offense of murder. See *State v. Wiggins* (May 22, 1991), Hamilton App. No. C–900210, unreported, 1991 WL 84200. We, therefore, overrule the fifth assignment of error.

Upon our determination, in response to the defendant's second assignment of error, that the trial court erred in refusing to instruct the jury on the lesser-included offense of involuntary manslaughter, we reverse the judgment of the court below and remand this cause for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., KLUSMEIER and UTZ, JJ., concur.