This is an appeal from the Pickaway County Court of Common Pleas, which convicted appellant Martin Ray Adams on two counts of cocaine trafficking and one count of marijuana trafficking. The appellant assigns two errors for our review:
 Assignment of Error #1
The trial court abused its discretion when it denied appellant's motion for a mistrial based on prejudicial testimony from the state's witness regarding appellant's criminal history.
 Assignment of Error #2
Defendant-Appellant was denied a fair trial because there was insufficient evidence to support the guilty verdict.
Finding neither assignment of error meritorious, we affirm the appellant's conviction on all counts.
 I.
During the summer of 1996, the Circleville Police Department began an undercover investigation of drug trafficking activity in Circleville. As part of this investigation, the police department hired Andre Skeeter to act as an undercover narcotics officer. Mr. Skeeter was sworn in as a Circleville police officer and conducted his undercover activities for approximately one year. As a result of Mr. Skeeter's undercover investigation, the Pickaway County Grand Jury indicted the appellant on two counts of cocaine trafficking, in violation of R.C. 2925.03(C)(4), and a single count of marijuana trafficking, in violation of R.C.2925.03(C)(3).[1]
The prosecution presented Mr. Skeeter as its principal witness during trial. Mr. Skeeter testified that he became acquainted with the appellant during the course of the undercover operation and learned of the appellant's involvement with drugs. Mr. Skeeter's testimony revealed three drug transactions involving the appellant in a three-month period. On two separate instances, Mr. Skeeter gave money to the appellant in exchange for cocaine. On each occasion, the appellant took the money and delivered cocaine to Mr. Skeeter. On another occasion, Mr. Skeeter testified that he gave the appellant money in exchange for marijuana.
The prosecution also presented testimony from Detective Jack Clark of the Circleville Police Department. Detective Clark served as Mr. Skeeter's "contact point" for the undercover investigation and met with Mr. Skeeter periodically to collect evidence from the undercover operation. Mr. Skeeter also revealed to Detective Clark the identities of individuals involved in drug activity. During the prosecution's direct examination, Detective Clark testified to learning of the appellant's connection with the undercover investigation:
 Q. [by the prosecutor] As part of your duties in coordinating this investigation, was it necessary for you at some point to obtain photographs or identification of persons in order for Andre to make identification of an individual?
A. [by Detective Clark] Yes.
Q. What would you do in that case?
 A. Normally, I would base the identification on the name of the individual that come [sic] up by way of Andre. When he mentioned the name Marty Adams, my previous experience in the years at the police department immediately clicked with me that I do, in fact, know who Marty Adams is.
The appellant's trial counsel[2] objected to this testimony and moved for a mistrial. The defense argued that Detective Clark's testimony "was a pretty implicit comment to indicate that he is a criminal in town and has a reputation for being a criminal in town" and therefore constituted impermissible character evidence under Evid.R. 404(A). The court denied the motion, but instructed the jury to disregard Detective Clark's comment regarding his familiarity with the appellant.
The jury returned guilty verdicts on each of the drug trafficking counts charged in the indictment. The trial court sentenced the appellant to six months imprisonment on each count, with the terms to be served consecutively. The appellant commenced this appeal.
 II.
In his first assignment of error, the appellant argues that the trial court erred in overruling his motion for a mistrial during Detective Clark's testimony. The appellant contends that Detective Clark seriously prejudiced the appellant when he testified to knowing the appellant from "my previous experience in the years at the police department * * *." Despite the trial court's instructions to the jury to disregard the statement, the appellant argues that any curative instruction was inadequate to overcome the prejudice inherent in Detective Clark's statement. We disagree.
The granting or denying of a motion for mistrial rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 182. A court should not order a mistrial merely because of some intervening error or irregularity in a criminal proceeding, unless the substantial rights of the accused are adversely affected. State v. Nichols (1993), 85 Ohio App.3d 65,69; State v. Reynolds (1988), 49 Ohio App.3d 27, 33. Whether an irregularity in a criminal proceeding adversely affects a defendant's substantial rights is also within the discretion of the trial court. Id. A trial court has not abused its discretion unless it has acted unreasonably, arbitrarily, or unconscionably.State v. Adams (1980), 62 Ohio St.2d 151, 157.
The appellant argues that Detective Clark's comment improperly referred to the appellant's prior criminal history, thereby creating unfair prejudice. However, any argument that a witness' comment has created such bias "ordinarily has a high threshold, which is not attainable * * * without a demonstration that such added information achieved a probable shocking impact upon the jurors." State v. Zuern (1987), 32 Ohio St.3d 56, 60 (emphasis added). The appellant has not demonstrated a probable shocking impact in this case. Notably, despite the appellant's assertion that Detective Clark's statement "clearly conveyed" the appellant's prior criminal history, the challenged testimony made no mention of any instance of criminal activity involving the appellant. Detective Clark stated only that he knew the appellant from his years on the police department. Although this statementcould be read to imply that the appellant had a criminal history, it falls short of "clearly" conveying that message. At best, we are left to speculate as to what the jury may have inferred from this comment. See State v. Jones (1996), 115 Ohio App.3d 204, 207
(officer's comment that defendant had a "prior record and photo" did not warrant a mistrial when it made no mention of previous crime; parties could only speculate as to what jury inferred), discretionary appeal not allowed (1997), 78 Ohio St.3d 1438. Further, Detective Clark's testimony following the statement made no further reference to any prior criminal history of the appellant and the prosecution made no attempt to elaborate on what Detective Clark meant by his statement. Thus, the record reveals nothing more than an isolated statement lacking any clear reference to the appellant's criminal record. Without more, we cannot say that the trial court abused its discretion in denying the appellant's motion for mistrial.
The scant possibility of prejudice to the appellant is further undermined by the trial court's immediate instruction to the jury to disregard Detective Clark's comment. When analyzing the propriety of a mistrial, it is presumed that the jury will follow instructions given by the trial judge with respect to improper comments by a witness. Id. citing State v. Loza (1994), 71 Ohio St.3d 61,79; see, also, Nichols, supra, 85 Ohio App.3d at 69;State v. Blair (1990), 70 Ohio App.3d 774, 781; State v. Warren
(1990), 67 Ohio App.3d 789, 799. The appellant insists that a curative instruction to the jury was simply "inadequate to overcome the prejudicial impact" of Detective Clark's unsolicited comment. However, we have found nothing in the record that would overcome the presumption that the jury followed the trial court's instructions to disregard Detective Clark's isolated comment. Thus, we must conclude that the trial court's instruction cured any possible prejudice resulting from Detective Clark's apparent reference to the appellant's criminal record. See State v.Cockshutt (1989), 59 Ohio App.3d 87, 88, overruled on other grounds in State v. Campbell (1991), 74 Ohio App.3d 352.
The first assignment of error is overruled.
 II.
In his second assignment of error, the appellant argues that the evidence was insufficient to support his conviction. The appellant argues that the prosecution's main witness, Mr. Skeeter, lacked credibility and that the jury therefore erred in finding the appellant guilty beyond a reasonable doubt. We reject the appellant's argument.
The "sufficiency" of evidence refers to the legal standard applied to determine whether the case may go to the jury, i.e. whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386. This is a question of law, which we accordingly review de novo. See id. In analyzing the "sufficiency" of evidence to sustain a criminal conviction, an appellate court must construe the evidence in a light most favorable to the prosecution. State v. Hill (1996), 75 Ohio St.3d 195, 205; Statev. Grant (1993), 67 Ohio St.3d 465, 477; State v. Rojas (1992),64 Ohio St.3d 131, 139. After construing the evidence in this manner, the test for determining sufficiency is whether any rational trier of fact considering the evidence could have found all essential elements of the charged offenses proven beyond a reasonable doubt. State v. Allen (1995), 73 Ohio St.3d 626, 630;State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The appellant's only argument supporting his insufficiency of evidence challenge focuses on Mr. Skeeter as a prosecution witness. The appellant urges us to find the evidence insufficient to support a conviction because Mr. Skeeter was not a credible witness. This argument is incompatible with our standard of reviewing the sufficiency of evidence. A sufficiency of the evidence analysis is a question of law that does not allow courts to independently weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175. Evaluations of weight and credibility are jury issues. State v. Hill, supra, 75 Ohio St.3d at 205. Accordingly, our inquiry is not whether Mr. Skeeter's testimonyshould have been believed but, rather, whether it would support a conviction if believed by the jury. See Thompkins, supra, 78 Ohio St. 3
at 390 (Cook, J., concurring). Mr. Skeeter testified that the appellant provided him with drugs on three occasions in exchange for money. Construing the evidence most favorably for the prosecution, Mr. Skeeter's testimony, if believed, established each element of the drug trafficking charges against the appellant. The evidence was legally sufficient, leaving it up to the jury to decide whether it was credible.
The appellant's brief expressly limits the second assignment of error to a challenge based on the sufficiency of the evidence.
The appellant's argument under this assignment, however, is better suited to a contention that his conviction is against the manifest weight of the evidence. The difference between a "sufficiency" challenge and a "manifest weight" challenge is substantial and not merely semantical. State v. Roberts (Mar. 11, 1999), Washington App. No. 98CA21, unreported. While a "sufficiency" challenge tests whether a state's case is legally adequate to go to the jury, a "weight" of the evidence argument concerns the "rational persuasiveness" of the evidence and tests whether the evidence was enough to sustain the state's burden of proof. See State v. Thompkins, supra, 78 Ohio St.3d at 386-87; see, also, State v. Martin, supra, 20 Ohio App.3d at 175. In the interests of justice, and because it is apparently the appellant's true contention, we will address a challenge based on the manifest weight of the evidence.
Our role in a manifest weight of the evidence inquiry is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180,193. To make this determination, we must "review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." State v.Stepp (1997), 117 Ohio App.3d 561, 567. If the record contains substantial evidence upon which a trier of fact could conclude that the state proved its case beyond a reasonable doubt, we will not reverse a conviction. Getsy, 84 Ohio St.3d at 193-94; Statev. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
The appellant's argument focuses entirely on Mr. Skeeter's credibility as a witness. The appellant contends that the jury erred in finding him to be credible. The appellant insists that Mr. Skeeter was somehow biased because the Circleville Police Department paid him for the undercover work and because Mr. Skeeter's success depended upon the number of arrests he made. This contention is without merit. Even though a manifest weight of the evidence challenge requires us to review the record and weigh the evidence, our review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Garrow (1995), 103 Ohio App.3d 368,371. In this case, the jury's verdict conclusively shows that it found Mr. Skeeter to be a credible witness. If the jury did not find him credible, it would have undoubtedly acquitted the appellant. We refuse to second-guess a jury's determination of a witness' credibility when the jury was able to observe the witness firsthand. To do so on this record would be an inappropriate usurpation of the jury's role. We overrule the second assignment of error.
Finding none of the appellant's assignments of error meritorious, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] The indictment also alleged a single count of corrupting another drugs, in violation of R.C. 2925.02. The state later dismissed this count.
[2] The appellant is represented by different counsel on this appeal than at trial.