OPINION *Page 2 
{¶ 1} Defendant-Appellant, Michael B. Robinson, appeals from the judgment of the Logan County Court of Common Pleas sentencing him to a fourteen year prison term. On appeal, Robinson argues the trial court erred in permitting the State to amend the indictment; in sentencing him on counts of felonious assault, child endangerment, and domestic violence; and, in imposing consecutive sentences for an aggregate of fourteen years. Finding that the trial court did not err, we affirm the judgment of the trial court.
 {¶ 2} In April 2007, the Logan County Grand Jury indicted Robinson on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of child endangerment in violation of R.C. 2919.22(B)(2), a felony of the second degree; and, one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. The indictment arose from an incident involving Robinson's eleven month-old son, who sustained extensive brain injuries, a rib fracture, retinal hemorrhaging, and pervasive bruising resulting from Robinson's abuse of the child.
 {¶ 3} In June 2007, the State filed a motion to amend the child endangerment count of the indictment to include the mens rea of recklessness. A hearing was held on the motion, in which Robinson did not raise an objection, and the trial court granted the State's motion. *Page 3 
 {¶ 4} In January 2008, Robinson withdrew his former plea of not guilty and entered a plea of guilty to all three counts.
 {¶ 5} In February 2008, the trial court sentenced Robinson to a seven year prison term on the felonious assault count, a seven year prison term on the child endangerment count, and an eighteen month prison term on the domestic violence count. The trial court ordered the felonious assault and child endangerment sentences to run consecutive, and the domestic violence sentence to run concurrent, for a cumulative fourteen year prison term. In sentencing Robinson, the trial court stated from the bench:
 The Court finds that it is necessary to protect the public and punish this defendant with these consecutive sentences because the harm in this case is so great and unusual that a single term would not adequately reflect the seriousness of the conduct and the seriousness of the injuries.
(Sentencing Hearing, p. 30).
 {¶ 6} It is from this judgment Robinson appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED WHEN IT PERMITTED THE PROSECUTION TO AMEND COUNT II OF THE INDICTMENT. *Page 4 
 Assignment of Error No. II THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONVICTED AND SENTENCED APPELLANT FOR THE OFFENSES OF FELONIOUS ASSAULT, ENDANGERMENT OF CHILDREN, AND DOMESTIC VIOLENCE.
 Assignment of Error No. III THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED CONSECUTIVE SENTENCES.
 Assignment of Error No. I {¶ 7} In his first assignment of error, Robinson asserts that the trial court erred by allowing the State to amend the child endangerment count of the indictment to add the mens rea of recklessness. Specifically, Robinson argues that by allowing the State to amend the indictment without having to re-present the charge to the grand jury, it violated his Constitutional right under Section 10, Article 1 of the Ohio Constitution to only be held to answer for felony charges that have been indicted by a grand jury, and, that such an error can be first asserted on appeal under the Supreme Court of Ohio's recent decision inState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624. We disagree.
 {¶ 8} Section 10, Article I of the Ohio Constitution reads, in pertinent part,
 Except in cases * * * involving offenses for which the penalty is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury. *Page 5 
 {¶ 9} A court is permitted to amend a grand jury indictment before, during, or after trial to correct a defect or omission, as long as no change is made in the name or identity of the crime charged. Crim. R. 7(D); State v. O'Brien (1987),30 Ohio St.3d 122, 127-128. All objections to defects in the indictment must be raised prior to trial, and a failure to object to a defect in the indictment waives all but plain errors. State v.Biros, 78 Ohio St.3d 426, 436, 1997-Ohio-204; Crim. R. 12(C)(2); Crim. R. 52(B).
 {¶ 10} A plain error is one which is an "obvious" defect in the trial proceedings, and an error that must have affected "substantial rights."State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. A plain error exists when it can be said that but for the error, the trial outcome would have been different. State v. Moreland (1990), 50 Ohio St.3d 58,62. See, also, State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825.
 {¶ 11} But, where an indictment is defective for failing to include an essential element of the crime charged, the defendant has not waived the defect by failing to raise the issue at trial if the defective indictment results in multiple errors at trial. State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624. In such a circumstance, a structural error analysis is applied. Id at ¶ 19. *Page 6 
 {¶ 12} A structural error is one which affects the entire trial process, from beginning to end. Arizona v. Fulminante (1991),499 U.S. 279, 309-310; State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, at ¶ 17. "In determining whether an alleged error is `structural,' our threshold inquiry is whether such error `involves the deprivation of a constitutional right.'" State v. Fisher, 99 Ohio St.3d 127,2003-Ohio-2761, at ¶ 18, citing State v. Issa, 93 Ohio St.3d 49, 74,2001-Ohio-1290. All structural errors require a finding of prejudice.Colon, 2008-Ohio-1624, at ¶ 20, citing Fisher, 2003-Ohio-2761, at¶ 9.
 {¶ 13} When an indictment fails to contain an essential element of the crime charged, the indictment is defective. State v. Wozniak (1961), 172 Ohio St. 517, 521. The mens rea of recklessness is an essential element to the crime of child endangerment under R.C. 2919.25. O'Brien,30 Ohio St.3d at 125; State v. McGee, 79 Ohio St.3d 193, 195, 1997-Ohio-156. Furthermore, the addition of the mens rea of recklessness to the crime of child endangerment does not change the name or identity of the crime, thereby complying with Crim. R. 7(D). O'Brien, 30 Ohio St.3d at 126.
 {¶ 14} In the instant case, the original indictment failed to include the mens rea of recklessness for the child endangerment count. The State filed a motion to amend this count to add the mens rea of recklessness, a hearing was held on the motion, Robinson did not raise an objection to the amendment motion, and the *Page 7 
trial court granted the motion. Thereafter, Robinson withdrew his not guilty plea and entered a plea of guilty to all charges.
 {¶ 15} Although the original indictment was defective for failing to include the mens rea of recklessness, the indictment was properly amended pursuant to Crim. R. 7(D). Robinson pled guilty to an indictment that was complete and accurate, and, as such, there is no need for a structural error analysis as set forth under Colon. Because Robinson failed to object to the amendment, plain error analysis is the appropriate standard, and, under that standard, this court finds no error in allowing an amendment of an indictment prior to a defendant's final plea.
 {¶ 16} Accordingly, Robinson's first assignment of error is overruled.
 Assignment of Error No. II {¶ 17} In his second assignment of error, Robinson argues that the trial court erred in convicting and sentencing him on the counts of domestic violence, felonious assault, and child endangerment, as these crimes were committed together and with the same animus, thereby making them multiple convictions for allied offenses of similar import in violation of R.C. 2941.25. Robinson specifically contends the State agreed that the felonious assault and domestic violence counts were allied offenses of similar import, and that the felonious assault and child endangerment counts are also allied offenses because the child *Page 8 
endangerment count was raised to a second degree felony by an allegation of serious physical harm under R.C. 2919.22(E)(3). We disagree.
 {¶ 18} Initially, we note that Robinson failed to raise this issue in the trial court; as such, the proper standard of review is plain error, as set forth in our analysis of the first assignment of error. State v.Long (1978), 53 Ohio St.2d 91, 97; Crim. R. 52(B).
 {¶ 19} A defendant's conviction of two or more offenses is prohibited "[w]here the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import." R.C. 2941.25(A). In order to determine whether the offenses are allied offenses of similar import, the reviewing court is to analyze the elements of the offenses in the abstract. State v. Cabrales,118 Ohio St.3d 54, 2008-Ohio-1625, at ¶ 27. See, also, State v. Rance,85 Ohio St.3d 632, 636, 1999-Ohio-291.
 {¶ 20} Alleged violations of R.C. 2941.25(A) are analyzed under a two part test.
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or *Page 9 that there was a separate animus for each crime, the defendant may be convicted of both offenses.
State v. Blankenship (1988), 38 Ohio St.3d 116, 117.
 {¶ 21} However, this two part analysis is only necessary where a single act results in multiple convictions. State v. Cooper,104 Ohio St.3d 293, 2004-Ohio-6553, at ¶ 17.
 {¶ 22} In following the two part analysis dictated byBlankenship, and in analyzing the elements of the offenses in the abstract, as required under Cabrales, courts have consistently found that the offenses of felonious assault under R.C. 2903.11(A)(1), and child endangerment under R.C. 2919.22(B)(2) are not allied offenses of similar import. State v. Potter, 8th Dist. No. 81037, 2003-Ohio-1338;State v. Ross (1999), 135 Ohio App.3d 262; State v. Anderson (1984),16 Ohio App.3d 251, overruled on other grounds by State v. Campbell (1991),74 Ohio App.3d 352.
 {¶ 23} In addition, courts have found that the offenses of felonious assault under R.C. 2903.11(A)(1), and domestic violence under R.C. 2919.25(A) are not allied offenses of similar import. State v.Sandridge, 8th Dist. No. 87321, 2006-Ohio-5243; State v. Marshall, 9th Dist. No. 22706, 2005-Ohio-5947; State v. Yun, 5th Dist. No. 2000CA00276, 2001 WL 1082354.
 {¶ 24} While there is case law finding the offenses of child endangerment and felonious assault to be allied offenses of similar import, including State v. *Page 10 Madison (1993), 10th Dist. No. 92AP-1461, 1993 WL 238941, these cases lack persuasive value, as they were decided under the prior fact determinative analysis, which was later rejected under Rance, 1999-Ohio-291, paragraph one of the syllabus.
 {¶ 25} In this case, Robinson was sentenced to consecutive seven year prison terms for felonious assault and child endangerment, and was sentenced to a concurrent eighteen month prison term for domestic violence. In analyzing the elements of these crimes in the abstract, felonious assault requires proof of (1) knowingly, (2) causing, (3) serious physical harm, (4) to another; domestic violence requires proof of (1) knowingly, (2) causing, (3) physical harm, (4) to a family or household member; and, felony in the second degree child endangerment requires proof of (1) recklessly, (2) torturing or cruelly abusing a child under eighteen, (3) causing serious physical harm, or where the offender has been previously convicted of an offense under this section.
 {¶ 26} It is clear in comparing these elements that none of these offenses constitute allied offenses of similar import. Felonious assault requires a finding of serious physical harm committed against any person, whereas domestic violence only requires a lesser degree of harm, and requires the additional circumstance that the act be against a family or household member. *Page 11 
 {¶ 27} Additionally, child endangerment as a felony in the second degree requires the torture or cruel abuse of a child under eighteen years of age, and either proof of serious physical harm or that the defendant has a previous child endangerment conviction; whereas felonious assault does not require torture or cruel abuse, but only requires proof of an act resulting in serious physical harm. It is also worth noting that Robinson has been previously convicted of child endangerment, meaning the State would not have had to prove serious physical harm to convict him of a second degree felony of child endangerment, as Robinson argues, thereby making the elements of felonious assault and child endangerment more dissimilar.
 {¶ 28} Upon our analysis of the elements of felonious assault, child endangerment, and domestic violence, we find the elements do not "correspond to such a degree that the commission of one crime will result in the commission of the other." Blankenship,38 Ohio St.3d at 117. As such, there is no need to proceed to the second step under theBlankenship analysis, and Robinson's conviction did not violate R.C. 2941.25.
 {¶ 29} Accordingly, Robinson's second assignment of error is overruled.
 Assignment of Error No. III {¶ 30} In his third assignment of error, Robinson asserts that the trial court erred by imposing consecutive sentences for the felonious assault and child *Page 12 
endangerment counts without imposing the maximum sentences as to one or both of the counts. Specifically, Robinson cites State v. Steward, 4th Dist. No. 02CA43, 2003-Ohio-4082, for the proposition that the implicit language of R.C. 2929.14(E)(4) requires the trial court to impose the maximum sentence on at least one of the offenses prior to imposing consecutive sentences. We disagree.
 {¶ 31} An appellate court must conduct a meaningful review of the trial court's sentencing decision. State v. Daughenbaugh, 3d Dist. No. 16-07-07, 2007-Ohio-5774, at ¶ 8, citing State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. A meaningful review allows the appellate court to modify or vacate a felony sentence and remand the matter to the trial court for resentencing if clear and convincing evidence shows the sentence was contrary to law or was not supported by the record.Daughenbaugh, supra, citing Carter, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G).
 {¶ 32} The Supreme Court of Ohio, in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, declared portions of the felony sentencing statutes to be unconstitutional, specifically those portions requiring judicial fact finding before imposition of sentences, pursuant to the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466; Blakely v. Washington (2004), 542 U.S. 296; and United States v.Booker (2005), 543 U.S. 220. Specifically, Foster held that "[t]rial courts [now] have full discretion to impose a prison *Page 13 
sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at paragraph seven of the syllabus.
 {¶ 33} Furthermore, the Supreme Court of Ohio in State v. Bates,118 Ohio St.3d 174, 2008-Ohio-1983, held that "[t]he severance and excision of former R.C. 2929.14(E)(4) * * * by Foster * * * leaves no statute * * * to limit [the] trial court['s] discretion beyond the basic `purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12." 2008-Ohio-1983, at ¶ 18.
 {¶ 34} In the case at bar, the trial court sentenced Robinson to consecutive seven year prison terms for felonious assault and child endangerment. Under R.C. 2929.14(A)(2), the trial court had discretion to sentence Robinson to anywhere from two to eight years for each count.
 {¶ 35} First, in reviewing the transcript of the sentencing hearing, it can hardly be said that the trial court's sentence was unsupported by the record. There was extensive testimony given as to the extreme nature of the child's injuries, including broken ribs, retinal hemorrhaging, extensive brain damage, widespread bruising, and a future diagnosis of impaired walking, talking, and breathing. *Page 14 
 {¶ 36} Second, given the trial court's broad discretion in the imposition of sentences, including whether sentences are to run concurrently or consecutively, as set forth in Foster andBates, the trial court's sentencing is not contrary to law.
 {¶ 37} Furthermore, Robinson's reliance on Steward, supra, is misplaced. We find that Steward does not stand for the proposition that a trial court must impose a maximum sentence on one or more of the counts before imposing consecutive sentences on those counts, and even if Steward stood for such a proposition, it would be in direct conflict with the Supreme Court's ruling in Foster.
 {¶ 38} Finally, in sentencing Robinson, the trial court stated that the punishment was necessary to protect the public and to punish the defendant due to the severity of the offense and the injuries. While it appears that the trial court considered the factors set forth under R.C. 2929.14(E), it is not unconstitutional under Foster for the trial court to rely on these factors when sentencing, as Robinson argues in his reply brief. Instead, Foster holds that the trial court is no longerrequired to find such factors before imposing consecutive sentences, as the Supreme Court declared that requirement to be unconstitutional, butFoster does not prevent the trial court from relying on such factors in determining a sentence.
 {¶ 39} Accordingly, Robinson's third assignment of error is overruled. *Page 15 
 {¶ 40} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1