**STATE of Missouri, Respondent,**

**v.**

**Claude STREET, Appellant.**

**No. 57634.**

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Eugene E. Andereck, Trenton, for appellant.

HOUSER, Commissioner.

Claude Street appeals from a judgment of conviction of obtaining money by fraudulent check in violation of § 561.450, RSMo 1969, V.A.M.S., and a 3-year sen-

tence. The notice of appeal having been filed prior to January 1, 1972 this Court has jurisdiction.

The single point on appeal is that the court erred in submitting Instruction No. 7 after giving Instruction No. 5, because the instructions, when read together, created confusion in the minds of the jurors to appellant's prejudice.

The main verdict-directing instruction contained a "tail" which directed an acquittal if the jury found appellant not guilty under Instruction No. 4, which directed the jury, upon a finding that the accused committed the conduct charged, to find defendant not guilty if the jury found first a mental disease or defect, and second that as a result of it appellant did not know or appreciate the nature, quality or wrongfulness of his conduct or that if he did he was incapable of conforming his conduct to the requirements of law.

Instruction No. 5 read:

"The phrase, 'mental disease or defect,' as used in these instructions, does not include alcoholism without psychosis. With that exception, the phrase means any mental abnormality, regardless of its medical label, origin or source.

"In determining under other instructions given to you, whether the defendant had a mental disease or defect at the time of the commission of the offense charged against him and, if so, the extent and effect of it, the jury may take into consideration all of the facts, circumstances and opinions given in evidence. However, it is for the jury alone to decide this issue under the law as given to you in these instructions."

Instruction No. 7 read:

"The Court instructs the jury that if you find and believe from the evidence that the defendant was intoxicated by drugs or alcohol at the time, such intoxication is in law no excuse for or defense to such offense as you find to have been committed. Voluntary intoxication is never a defense to a criminal charge. The fact of such intoxication, if you find it to be a fact, is only to be considered by the jury in connection with all other facts, in determining the guilt or innocence of the defendant, and the degree of guilt, if you find he is guilty."

Appellant argues that No. 7 did not include the "without psychosis" exception referred to in No. 5; that applying the ordinary meaning to be attributed to the terms "intoxication" and "alcoholism" by lay jurors, who are not experts, the jury could well believe that the two terms are the same thing, since both are caused by drinking intoxicating beverages; that the jury was told by No. 5 that there is an exception which is a justifiable defense but were not told of such exception in No. 7, and therefore was given a confusing and prejudicial misdirection.

■ An instruction that voluntary intoxication is not a defense is properly given where the testimony before the jury indicates that the accused had been drinking heavily and that at the time the crime was committed he was intoxicated. State v. Sawyer, 365 S.W.2d 487, 492 [10] (Mo. 1963). Appellant does not claim that either instruction is an erroneous statement of the law. His claim is that they are confusing when blended together in the same submission without a reference in No. 7 to the exception by which he would be entitled to acquittal if appellant was intoxicated with psychosis.

■ "Alcoholism" certainly is not necessarily to be understood as the equivalent of "intoxication," nor do we consider that it is ordinarily so understood by the average juror. Alcoholism is a chronic disease. Intoxication is not a disease. It is the acute (temporary) state of drunkenness. The distinction between the terms is generally known. Giving the two words their usual and ordinarily accepted meaning the two instructions are consistent and not contradictory. It was not necessary to engraft the exception onto No. 7 to

clearly distinguish between the two. If appellant considered this necessary he could have, but he did not, request modification of No. 7. The court did not err in giving Instructions Nos. 5 and 7 as worded.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., FINCH, J., and CONNETT, Special Judge, concur.

MORGAN, J., not sitting.