Claire C. KITCHEN, Appellee,

v.

TIME INSURANCE CO., Appellant.

No. 2–56941.

Supreme Court of Iowa.

Sept. 17, 1975.

Gilbert & Stoddard, Oskaloosa, for appellant.

Spayde & Rielly, Oskaloosa, for appellee.

LeGRAND, Justice.

This is an appeal from a ruling on an application for adjudication of law points under Rule 105, Rules of Civil Procedure. It involves the construction of an insurance policy. The sole issue presented is whether the undefined term "sickness" as used in an accident and health policy includes alcoholism. The trial court found for plaintiff, and we affirm that ruling.

The admitted facts presented by the pleadings may be paraphrased as follows:

Defendant issued a group insurance policy to the Iowa Optometric Association, insuring its individual members and their eligible dependents against expense "incurred as a result of an accidental bodily injury, sickness or pregnancy."

Plaintiff was insured under this policy. His wife, Betty, was an eligible dependent. She was also a chronic alcoholic, and in 1972 she entered Deaconess General and Lutheran Hospital in Park Ridge, Illinois, for treatment of alcoholism.

Plaintiff thereafter made claim against defendant for the expense of his wife's treatment there. Payment was refused on the ground alcoholism is not a sickness under the policy terms. This suit was then brought to recover the sum of $2,881.27 for services rendered to plaintiff's wife by the hospital.

The parties seemingly agree the question raised is one properly determinable as a matter of law under Rule 105. *See Central Bearings Company, Inc. v. Wolverine Insurance Company,* 179 N.W.2d 443 (Iowa 1970); cf. *Brammer v. Allied Mutual Insurance Co.,* 182 N.W.2d 169, 172 (Iowa 1970). We recognize that ordinarily there might be a spirited difference of opinion as to whether this is a term to be "interpreted" or "construed." *See Connie's Construction Co., Inc. v. Fireman's Fund Insurance Company,* 227 N.W.2d 207, 210 (Iowa 1975). As pointed out there, no matter which view is adopted, the question was one for determination by the court as a determination of law under the record now before us. We accordingly give that matter no further consideration.

No case has been cited, nor have we found any, which serves as authority under the precise circumstances of the present controversy. There are decisions which hold a specific bodily infirmity, such as cirrhosis of the liver, resulting from excessive use of alcohol is a sickness as defined in accident and health policies. However, there are none which squarely hold alcoholism itself, unaccompanied by a specific physical or organic malady, is such a sickness. What little authority there is on the question arises under different circumstances, and it is inconclusive.

One view holds alcoholism is not a sickness or disease. This position is supported by *Gaines v. Sun Life Assurance Company,* 306 Mich. 192, 10 N.W.2d 823, 827 (1943), cert. denied 321 U.S. 789, 64 S.Ct. 789, 88 L.Ed. 1080 (1944) and *Bailey v. Life Insurance Company of Virginia,* 222 N.C. 716, 24 S.E.2d 614, 619 (1943). *See* 43 Am.Jur.2d Insurance § 1207 at 1123 (1969); Annot. 166 A.L.R. 826, 839 (1947). An opposite result is reached in *Powell v. Texas,* 392 U.S. 514,

88 S.Ct. 2145, 20 L.Ed.2d 1254, 1261–1262 (1968); *City of Dayton v. Sutherland,* 42 Ohio Misc. 35, 328 N.E.2d 416, 418 (1974); *State v. Street,* 498 S.W.2d 523, 524 (Mo. 1973); *Pierce v. Tharp,* 58 Tenn.App. 362, 430 S.W.2d 787, 792 (Tenn.App.1967); *Driver v. Hinnant,* (4th Cir. 1966), 356 F.2d 761, 763–764; *Lewis v. Celebrezze,* (4th Cir. 1966), 359 F.2d 398, 399–400; *State v. Cornwall,* 95 Idaho 680, 518 P.2d 863, 868 (1974); *Robinson v. Robinson,* 183 Pa.Super. 574, 133 A.2d 259, 265 (1957); *Knowlton v. John Hancock Mutual Life Insurance Company,* 146 Me. 220, 79 A.2d 581, 583 (1951); *New England Mutual Life Insurance Company v. Hurst,* 174 Md. 596, 199 A. 822, 831 (1938). These cases are not cited because of any factual similarity with the matter now before us nor do we regard them as precedent for the conclusion we reach here. They are helpful, however, in explaining how various courts have considered alcoholism under differing circumstances in both criminal and civil disputes. *See also Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), which, although dealing with drug addiction, contains some observations which are interesting here as well.

More and more, courts are recognizing the latter view. For instance, in *Driver v. Hinnant, supra,* 356 F.2d at 764, the court said:

"This addiction—chronic alcoholism—is now almost universally accepted medically as a disease."

We mention parenthetically that some authorities attempt to distinguish between "sickness" and "disease." However, defendant in its brief acknowledges the two may be used interchangeably. We make no effort to distinguish one from the other for purposes of this appeal. See, however, *Price v. State Capital Life Insurance Company,* 261 N.C. 152, 134 S.E.2d 171, 173 (1964).

In the case before us the term "sickness" is not defined in the policy. Under our holdings, it should therefore be given a broad and general connotation. *Connie's Construction Co., Inc. v. Fireman's Fund Insurance Company, supra,* 227 N.W.2d at 210; *Long v. Glidden Mutual Insurance Association,* 215 N.W.2d 271, 273 (Iowa 1974). In view of the many authorities holding alcoholism is a sickness or disease, we reach the inescapable conclusion, as did the trial court, that the term as used in the policy extends coverage to those suffering from alcoholism.

We affirm the trial court's ruling.

Affirmed.