OPINION *Page 2 
{¶ 1} Defendant-appellant Tonja Morin appeals from her convictions and sentences in the Fairfield County Court of Common Pleas on one count of kidnapping, in violation of R.C. 2905.01(A) (2), a first-degree felony, one count of felonious assault, in violation of R.C. 2903.11(A) (1), a second degree felony and one count of child endangering in violation of R.C. 2919.22(B) (2), a third degree felony. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant's 911 telephone call was played for the trial court during the sentencing hearing. At 10:51 a.m. on July 17, 2006, appellant called 911 to report her two-year old child missing. Appellant described on the call what he was wearing and stated he was in the backyard playing on the swing set. Appellant claimed she went in the house for a second and he was gone. Appellant claimed that she looked in the alley and "knew" something was wrong because her dog started barking. After the 911 call was played, a video was shown of the alley behind appellant's house and the dumpster where Tyler was abandoned. The video depicted a woman, later identified as appellant, walking, with a child holding the woman's hand. On July 17, 2006, it was 95 degrees and humid in Lancaster, Ohio.
 {¶ 3} Appellant had removed Tyler from their backyard and walked him at least 350 yards to place him in a dumpster located behind several businesses. Appellant then closed the lid on her son during one of the hottest days of the year and abandoned him. Appellant changed her clothes after she walked Tyler down the street and left him in the dumpster. *Page 3 
 {¶ 4} Officers arrived at appellant's home within three minutes. Appellant continued her "kidnapping" story for several hours. Appellant also lied to her mother and her aunt about what had happened to her son.
 {¶ 5} Michael Morin, Tyler's father, found his son in a dumpster at 11:15 a.m. Tyler was found in a sealed dumpster covered with paint chips. Tyler was distraught, unresponsive, and suffered from heat exhaustion. At 4:45 p.m. Tyler told Patrolman Underwood and a nurse that mommy had put him in the dumpster.
 {¶ 6} Finally, at 7:15 p.m. appellant, after first explaining why she didn't place her older children in the dumpster, admitted that she placed Tyler in the dumpster. Appellant blamed stress and stated she wanted to create an emergency so Michael would come home.
 {¶ 7} The Fairfield Count Grand Jury returned a six (6) count Indictment against appellant: Count I — Attempt to Commit Murder, a felony of the first degree; Count II-Felonious Assault, a felony of the second degree; Count III — Endangering Children, a felony of the third degree; Count IV — Kidnapping, a felony of the first degree; Count V-Kidnapping, a felony of the first degree and Count VI — Kidnapping, a felony of the first degree.
 {¶ 8} Appellant was arraigned July 25, 2006 and entered a plea of not guilty and/or not guilty by reason of insanity. The Court ordered a sanity and competency evaluation of the appellant.
 {¶ 9} Dr. Kevin Edwards provided the trial court with a competency and sanity report on August 29, 2006. Dr. Edwards found that appellant was competent to stand *Page 4 
trial and was not insane at the time of the offense. Dr. Edwards' reports indicated that appellant did have a serious mental illness, Major Depressive Order.
 {¶ 10} Appellant moved for a second evaluation of her competency and sanity. The trial court appointed Dr. Kristen Haskins to perform the evaluations.
 {¶ 11} Dr. Haskins found that appellant was competent to stand trial and was not insane at the time of the offense. Dr. Haskins' reports indicated that appellant did have a serious mental illness, Major Depressive Order and Borderline Personality Disorder.
 {¶ 12} Thereafter, appellant moved the trial court to appoint a forensic psychologist to assist with her defense. The Court appointed Dr. Christopher Ray. Dr. Ray concurred with the opinions of Dr. Edwards and Dr. Haskins that appellant was mentally ill.
 {¶ 13} On November 6, 2007, after extensive, plea negotiations, appellant entered a guilty plea to Counts Two, Three and Four of the Indictment, with the remaining counts in the Indictment being dismissed upon the motion of the State.
 {¶ 14} Appellant requested a separate sentencing hearing. On December 14, 2007, the trial court conducted an evidentiary hearing. Upon conclusion of the hearing, the trial court sentenced appellant to a penal institution for a total period of nine (9) years on Counts Two (4 years) and Three (5 years), less credit for time already served. Appellant was sentenced to three (3) years on Count Four, with that sentence being suspended and appellant being placed on community control upon her release from prison.
 {¶ 15} Appellant timely appealed, raising four assignments of error: *Page 5 
 {¶ 16} "I. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UPON THE APPELLANT.
 {¶ 17} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE MINIMUM PRISON SENTENCE UPON THE APPELLANT.
 {¶ 18} "III. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON THE APPELLANT.
 {¶ 19} "IV. THE SENTENCING OF APPELLANT, WHO HAS A SERIOUS MENTAL HEALTH ILLNESS, TO PRISON CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT."
 I. II. III. {¶ 20} In her first assignment of error, appellant maintains that the trial court erred and abused its discretion in imposing a prison sentence upon her. In her second assignment of error appellant argues that the trial court erred by not sentencing her to the minimum amount of prison time. In her third assignment of error appellant maintains that the imposition of consecutive sentences was an abuse of discretion. The assignments of error are interrelated and will be addressed together.
 {¶ 21} In the case at bar, appellant was convicted of one count of kidnapping, R.C. 2905.01(A) (2), a first-degree felony. For a violation of a felony of the first degree, the court must impose a definite prison term of three, four, five, six, seven, eight, nine, or ten years. Appellant also pled guilty to one count of felonious assault, R.C. 2903.11(A) (1), second degree felony. For a violation of a felony of the second degree, the court must impose a definite prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A) (2). *Page 6 
 {¶ 22} It would appear that what the appellant is really arguing is that the trial court erred by not overcoming the presumption of imprisonment contained in R.C. 2929.13(D).
 {¶ 23} R.C. 2929.13(D) provides:
 {¶ 24} "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729, of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 25} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 26} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more *Page 7 
factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 27} Thus, in order to impose a community control sanction in the instant case, the trial court would have been required to find that such a sanction would adequately punish appellant, that appellant was less likely to re-offend, and that such a sanction would not demean the seriousness of the offense, because appellant's conduct was less serious than conduct normally constituting the offense.
 {¶ 28} RC. 2953.08(B) provides:
 {¶ 29} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 30} "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925 of the Revised Code."
 {¶ 31} The Legislature has expressly provided that the prosecution can appeal a trial court's decision overcoming the presumption of imprisonment contained in R.C. 2929.13. No such provision has been made for a defendant to appeal a sentence on the *Page 8 
basis that the trial court refused to supersede the presumption for a prison term on a first or a second-degree felony. As this Court has previously held:
 {¶ 32} "Appellant seeks to appeal his sentence as of right based upon the trial court's refusal to supersede the presumption for a prison term on a second degree felony. R.C. Section 2953.08 sets forth the circumstances under which a defendant may appeal a felony sentence as of right. The statute does not provide an appeal as of right in this circumstance, nor does the `contrary to law' provision require each and every sentence be subjected to review under the guidelines. State v.Untied, March 5, 1998, Muskingum App. No. CT97-18; State v. Taylor, August 8, 2003, Tuscarawas App. No. 2002CA78. Here, appellant was convicted of a first and a second-degree felony and was not given the maximum sentence for either; therefore, his appeal is not permitted by R.C. 2953.08. Id." State v. Barton, 5th Dist. No. 2003CA00064,2004-Ohio-3058 at ¶ 74; State v. Miller, 5th Dist. No. 04-COA-003, 2004-Ohio-4636 at ¶ 38.
 {¶ 33} Appellant's contention, therefore, is that the trial court abused the discretion conferred on it, which is not a matter for which R.C. 2953.08(G) permits appellate review. See State v. Cochran, 2nd Dist. No. 20049, 2004-Ohio-4121; State v. Alvarez (2003),154 Ohio App.3d 526, 2003-Ohio-5094, 797 N.E.2d 1043; State v. Kennedy (Sept. 12, 2003), Montgomery App. No. 19635, 2003-Ohio-4844; State v. Miller, supra at ¶ 38.
 {¶ 34} In State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856,845 N.E.2d 470 the Court found, in relevant part to appellant's assignments of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make *Page 9 
findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61. The Court found this provision, as well as others not germane to this appeal, to be unconstitutional under the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct.2348, 147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 35} However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions "[t]trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."116 Ohio St.3d 541, 2008-Ohio-69 at ¶ 18.
 {¶ 36} We further note there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S. Ct. 913. 917; State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, Licking App. No. 2006-CA-41, 2006-Ohio-5823. An individual has no substantive right to a particular sentence within the range authorized by statute.Gardner v. Florida (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205;State v. Goggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433
at ¶ 28. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction . . . It is not the duration or severity of this sentence that renders it constitutionally invalid. . . ."Townsend v. Burke (1948), 334 U.S. 736, 741, 68 S.Ct. 1252, 1255. *Page 10 
 {¶ 37} A trial court is vested with discretion to impose a prison term within the statutory range. See State v. Mathis, 109 Ohio St. 3d 54,846 N.E. 2d 1, 2006-Ohio-855 at ¶ 36. The trial court's discretion is subject to review in a limited number of circumstances. Appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors.Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342;State v. Goggans, supra, at ¶ 32. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Woosley, supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. State v. Firouzmandi, supra at ¶ 56;State v. Goggans, supra, at ¶ 32.
 {¶ 38} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that *Page 11 
his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.
 {¶ 39} In the case at bar, the trial court reviewed the recording of appellant's 911 call to the police and the video recordings made from storefront surveillance cameras. (T., December 14, 2007 at 5-9; 94). The appellant presented the testimony of Dr. Christopher Ray. (Id. at 94). The court permitted appellant's trial counsel to make a lengthy argument for mitigation of appellant's sentence. (Id. at 66-88). The trial court further permitted appellant to address the court. (Id. at 22). The trial court reviewed the pre-sentence investigation report, and the revised report that was prepared following the appellant's interview. (Id. at 94). Appellant has a previous conviction for forgery. (Id. at 50; 54). The court reviewed the written record in the case. (Id.). The trial court specifically noted both on the record and in its sentencing entry that it had considered the purposes and principles of sentencing set out under Section 2929.11 of the Revised Code, as well as the seriousness and recidivism factors under R.C. 2929.12. (Id. at 94-98).
 {¶ 40} We find nothing in the record of appellant's case to suggest that her sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.
 {¶ 41} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11. (Sent., Dec. 14, 2007 at 94-99). Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court *Page 12 
acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant to the aggregate term of nine (9) years incarceration.
 {¶ 42} Appellant's first, second and third assignments of error are denied.
 IV. {¶ 43} In the fourth assignment of error, appellant argues the trial court erred in not finding felonious assault, child endangering and kidnapping to be an allied offenses, and in failing to merge the counts for sentencing. We disagree.
 {¶ 44} Although not cited by either of the parties in their respective briefs, R.C. 2941.25 provides:
 {¶ 45} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 46} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 47} In the case at bar, appellant pled guilty to kidnapping in violation of R.C. 2905.01(A) (2), felonious assault in violation of R.C. 2903.11(A)(1), and child endangering in violation of R.C. 2919.22(B)(2). We further note that appellant conceded before the trial court that the offenses to which she pled guilty are not allied offenses of similar import. (Sent. Dec. 14, 2007 at 81). *Page 13 
 {¶ 48} Under the doctrine of "invited error," it is well-settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Smithv. O'Connor (1995), 71 Ohio St.3d 660, 663, citing State ex rel. Fowlerv. Smith (1994), 68 Ohio St.3d 357, 359. See, also, Lester v. Leuck
(1943), 142 Ohio St. 91, paragraph one of the syllabus. As the Ohio Supreme Court has stated:
 {¶ 49} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."Lester at 92-93, quoting State v. Kollar (1915), 142 Ohio St. 89, 91. However, the Courts have not used this doctrine to deny a defendant in a criminal case relief from prejudicial error that occurred during the trial. See, State v. DeLon (May 25, 2001), 2nd Dist. No. 18114; State v. Gentry (1995), 125 Wash.2d 570, 646-647, 880 P.2d 1105,1150; People v. Cooper (1991), 53 Cal.3d 771, 832, 809 P.2d 865, 900;Walker v. State, Stark App. No. 2007CA00037, 2007-Ohio-5262 at ¶ 48-52.
 {¶ 50} Felonious assault, as prohibited by Section 2903.11(A) (2) of the Ohio Revised Code, consists of: (1) knowledge, (2) cause or attempt to cause physical harm, and (3) by means of a deadly weapon. Endangering children, as prohibited by Section 2919.22(B) (2) of the Ohio Revised Code, consists of: (1) recklessly, (2) torture or cruel *Page 14 
abuse, and (3) a victim under the age of eighteen. Pursuant to Section 2919.22(E) (3), appellant's endangering children conviction was elevated from a first-degree misdemeanor to a third-degree felony because her conduct resulted in serious physical harm to her son.
 {¶ 51} Felonious assault and endangering children, as charged in the case at bar, each contain an element not found in the other. Felonious assault requires the use of a deadly weapon; child endangering does not. Further felonious assault encompasses "attempts" to cause physical harm; no such provision is made in the endangering children statute.
 {¶ 52} We recognize that, in the case at bar, the "deadly weapon" was alleged to be the trash dumpster. Placing the child inside the trash dumpster is also the conduct alleged to constitute torture or cruel abuse under the child endangering charge. However, the prohibition against double jeopardy does not prohibit all instances of "cumulative punishment."
 {¶ 53} The federal and state constitutions' double jeopardy protection guards citizens against cumulative punishments for the "same offense."State v. Moss (1982), 69 Ohio St.2d 515, 518. Despite such constitutional protection, a state legislature may impose cumulative punishments for crimes that constitute the "same offense" without violating double jeopardy protections. State v. Rance (1999),85 Ohio St.3d 632, 635, citing Albernaz v. United States (1981), 450 U.S. 333,344. Under the "cumulative punishment" prong, double jeopardy protections do "no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."Missouri v. Hunter (1983), 459 U.S. 359, 366. When a legislature signals its intent to *Page 15 
either prohibit or permit cumulative punishments for conduct that may qualify as two crimes, the legislature's expressed intent is dispositive. Rance, at 635. Therefore, when determining the constitutionality of imposing multiple punishments against a criminal defendant in one criminal proceeding for criminal activity emanating from one transaction, appellate courts are limited to assuring that the trial court did not exceed the sentencing authority the legislature granted to the judiciary. Moss, at 518, citing Brown v. Ohio (1977),432 U.S. 161; State v. Basham, Muskingum App. No. CT2007-0010,2007-Ohio-6995 at ¶ 41-42.
 {¶ 54} In State v. Brown, 119 Ohio St.3d 447, 895 N.E.2d 149,2008-Ohio-4569 the court has indicated that the two-tieredRance test is merely a tool, not a requirement, used to determine the legislature's intentions regarding whether to permit cumulative sentencing. Id. at ¶ 37; State v. Mosley, Cuyahoga App. No. 90706,2008-Ohio-5483 at ¶ 32. "`By asking whether two separate statutes each include an element the other does not, a court is really asking whether the legislature manifested an intention to serve two different interests in enacting the two statutes.'" State v. Brown, supra at ¶ 35, quotingWhalen v. United States, 455 U.S. 684, 713, 100 S.Ct. 1432, 63 L .Ed.2d 715 (Rehnquist, J. dissenting.) If the legislature's intent is clear from the language of the statute, one need not resort to the two-tiered test. State v. Brown, supra at ¶ 37.
 {¶ 55} As did the court in Brown, supra, in determining the legislature's intentions, we compare the societal interests protected by the relevant statutes. State v. Mosley, supra. If the interests are similar, then the crimes are allied offenses of similar import and a court must then review the defendant's conduct to determine whether the *Page 16 
crimes were committed separately or with a separate animus. State v.Brown, supra at ¶ 40-41. If, however, the societal interests differ, the crimes are not crimes of similar import and the court's analysis ends there. Id. at ¶ 36.
 {¶ 56} A person of any age may be a victim of felonious assault, while a victim of child endangering must be under the age of eighteen. In finding that the offenses of felonious assault and child endangering do not constitute allied offenses of similar import within the meaning of R.C. 2941.25, the Court of Appeals for Hamilton County has noted,
 {¶ 57} "In our estimation, the offense of child endangering has, under the definition set forth in R.C. 2919.22(B)(1), been marked by the legislature with certain attributes so unique that it must be construed as a crime wholly separate and distinct from that of felonious assault. In this regard, we note specifically that the legislature has chosen to bestow special protection upon children by crafting an offense that, in essence, involves the infliction of torture or cruel physical abuse on those who have yet to attain the age of majority. Because the peculiar elements at the heart of the crime play no essential part in the definition of felonious assault under R.C. 2903.11(A), it is fair to say that an act of felonious assault will not perforce result in an act of child endangering." State v. Anderson (1984), 16 Ohio App.3d 251, 254,475 N.E.2d 492, 496, (overruled on other grounds in State v.Campbell (1991), 74 Ohio App.3d 352, 357, 598 N.E.2d 1244, 1248.)
 {¶ 58} Accordingly, pursuant to State v. Brown, supra, we find that the societal interests protected by the felonious assault and child endangering statutes differ. We conclude, therefore, that the General Assembly intended to distinguish the offenses and *Page 17 
allow separate punishments for the commission of the two crimes. Therefore, we find that the offenses of felonious assault and endangering children are not allied offenses of similar import.
 {¶ 59} Likewise, kidnapping under R.C. 2905.01(A) (2) is not an allied offense of child endangering or felonious assault.
 {¶ 60} Kidnapping under R.C. 2905.01(A)(2) consists of, as relative to this case,: (1) victim under the age of thirteen; (2) removal from the place where the person is found or restraining the liberty of that person by any means and (3) to facilitate the commission of any felony or flight thereafter.
 {¶ 61} Child endangering under R.C. 2919.22(B) (2), does not require proof of restraint. Kidnapping under R.C. 2905.01(A) (2) does not require use of a deadly weapon. Accordingly, kidnapping is not necessarily an allied offense of child endangering or felonious assault.
 {¶ 62} In the case sub judice, we find that the statutory provisions dealing with felonious assault, child endangering and kidnapping are intended to protect different social interests. The felonious assault and child endangering statutes are intended to prevent physical harm. "On the other hand, the kidnapping statute seeks to protect against the restraint of a person's liberty. See Legislative Service Commission Summary of Am. Sub. H.B. 511, The New Ohio Criminal Code (June 1973) 9; see, also, United States v. Wilford (1971), 144 App.D.C. 1, 8,444 F.2d 876 ("`the heart of the crime' of kidnapping is a seizure and detention against the will of the victim"); State v. Brown (1957), 181 Kan. 375,387, 312 P.2d 832 (the object of state and federal kidnapping laws `is to secure personal liberty of citizens and to secure them assistance of law *Page 18 
necessary to release them from unlawful restraint'). In comparing the interests, it is clear that the societal interests protected by the [felonious assault, child endangering] and kidnapping statutes differ."State v. Mosley, supra, 2008-Ohio-5483 at ¶ 48.
 {¶ 63} Accordingly, pursuant to State v. Brown, supra, we conclude that the General Assembly intended to distinguish the offenses of child endangering and felonious assault from the crime of kidnapping and allow separate punishments for the commission of the three crimes.
 {¶ 64} Based upon the foregoing analysis, we find that the offenses of felonious assault, child endangering and kidnapping are not allied offenses of similar import.
 {¶ 65} Appellant's fourth assignment of error is denied.
 V. {¶ 66} In her fifth assignment of error appellant argues that sentencing an individual who has a serious mental illness to prison constitutes cruel and unusual punishment. We disagree.
 {¶ 67} The Eighth Amendment to the United States Constitution prohibits "[e]xcessive" sanctions. It provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
 {¶ 68} Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."
 {¶ 69} "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" State v.Weitbrecht (1999), 86 Ohio St.3d 368, 373, *Page 19 715 N.E.2d 167, quoting Harmelin v. Michigan (1991), 501 U.S. 957, 1001,111 S.Ct. 2680, (Kennedy, J., concurring in part and in judgment). A court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. (Footnotes omitted.)"Solem v. Helm (1983), 463 U.S. 277, 290-292, 103 S.Ct. 3001, 3010-3011,77 L.Ed.2d 637, 649-650.
 {¶ 70} "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. State v. Chaffin (1972),30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46; State v. Jarrells (1991),72 Ohio App.3d 730, 596 N.E.2d 477." State v. Hamann (1993),90 Ohio App.3d 654, 672, 630 N.E.2d 384, 395.
 {¶ 71} In State v. Hancock, the Ohio Supreme Court found that theEighth Amendment's prohibition against execution of mentally retarded persons did not extend to a mentally ill defendant; rather, mental illness was mitigating factor that jury could consider.108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160 at ¶ 155-158. See, also State v.Ketterer, 111 Ohio St.3d 70, 855 N.E.2d 48, 2006-Ohio-5283 at ¶ 176.
 {¶ 72} In State v. Hairston the Court reiterated, "`[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" State v. Hairston118 Ohio St.3d 289, 293, 888 N.E.2d 1073, 1077, 2008-Ohio-2338 at ¶ 21. [QuotingMcDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69, 203 N.E.2d 334]. *Page 20 
 {¶ 73} In holding that imposing a prison sentence upon a defendant who was confined to a wheelchair was not cruel and unusual punishment the Franklin County Court of Appeals noted, "While appellant because of [her mental] handicaps, may suffer greater hardships in prison than one without such disabilities, these hardships are not a result of [her] conviction or imprisonment but are the result of [her] mental condition which is essentially the same whether appellant is incarcerated or not. As long as appellant's medical [and mental health] needs are met during incarceration (and there is no reason to believe that they will not be met), the imposition of a prison sentence cannot constitute cruel and unusual punishment." State v. 0'Shannon (1988), 44 Ohio App.3d 197,201, 542 N.E.2d 693, 697. "The legislature did not see fit to provide for lesser sentences for persons with extensive health problems or to `license' the medically handicapped to commit * * * offenses without being subject to the same treatment as other committing such offenses." Id. See also, State v. Goins, 2nd Dist. No. 21077,2006-Ohio-989.
 {¶ 74} In the case at bar, appellant's sentences fall within the range proscribed by statute. State v. Hairston, supra. Further, appellant was not convicted or punished for the offense of having a mental illness.Brookpark v. Danison (1996), 109 Ohio App.3d 529, 532, 672 N.E.2d 722,723. Finally, the trial court considered appellant's mental health issues at sentencing. (Sent. Dec. 14, 2007 at 99).
 {¶ 75} As this is not a case involving punishment for offenses which makes it criminal to suffer from a physical malady or disease, and the prison sentences imposed on appellant are not grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not *Page 21 
constitute cruel and unusual punishment State v. Hairston, supra 118 Ohio St.3d at, 295, 888 N.E.2d at 1078, 2008-Ohio — 2338 at ¶ 23.
 {¶ 76} Appellant's fifth assignment of error is denied.
 {¶ 77} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby affirmed.
Gwin, P.J., Wise, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby affirmed. Costs to appellant. *Page 1