[Cite as *State v. Newman*, 2022-Ohio-4262.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2022-0010 |
| JUSTIN NEWMAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  CR2021-0242


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     November 28, 2022


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RONALD L. WELCH                        CHRIS BRIGDON
PROSECUTING ATTORNEY                   8138 Somerset Road
TAYLOR P. BENNINGTON                   Thornville, Ohio  43076
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43701

*Wise, J.*

{¶1} Defendant-Appellant Justin Newman appeals his sentence from the Muskingum County Court of Common Pleas after entering a plea of guilty to one count of Gross Sexual Imposition in violation of R.C. §2907.05(A)(1), and one count of Sexual Battery in violation of R.C. §2907.03(A)(1). Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2} On May 5, 2021, Appellant was indicted on one count of Kidnapping in violation of R.C.§ 2905.01(A)(4), three counts of Gross Sexual Imposition in violation of R.C. §2907.05(A)(4), one count of Attempted Rape in violation of R.C. §2923.02(A), and two counts of Rape in violation of R.C. §2923.02(A).

{¶3} On August 5, 2021, Appellant entered a plea of guilty to one count of Gross Sexual Imposition, in violation of R.C. §2907.05(A)(1) and one count of Sexual Battery, in violation of R.C. §2907.03(A)(1).

{¶4} The trial court sentenced Appellant to eighteen months on the count of Gross Sexual Imposition, and eight to twelve years on the count of Sexual Battery to be served consecutively.

## Assignments of Error

{¶5} Appellant timely filed a notice of appeal and herein raises the following two Assignments of Error.

{¶6} "I. CONSECUTIVE SENTENCES WERE UNLAWFUL AND A VIOLATION OF DUE PROCESS.

{¶7} "II. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH O.R.C. 2929.11(B)."

**I.**

{¶8} In Appellant's First Assignment of Error, Appellant argues the trial court erred by imposing consecutive sentences. We disagree.

{¶9} R.C. §2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶1. Pursuant to R.C. §2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence in otherwise contrary to law." R.C. §2953.08(G)(2)(a)-(b).

{¶10} R.C. §2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. §2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. §2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis in order to impose consecutive sentences.

{¶11} R.C. §2929.14(C)(4) provides:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** Thus, in order for a trial court to impose consecutive sentences, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. §2929.16, §2929.17, or §2929.18, or while under post release control for a prior offense; (b) at least two of the

multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶13} A trial court must make the findings required by R.C. §2929.14(C)(4) into its sentencing entry; however, the trial court need not state specific reasons to support its finding. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Bonnell, supra*.

{¶14} In the case *sub judice*, Appellant does not argue the trial court did not make the proper findings, but rather that consecutive sentences in this instance were unnecessary to protect the public and were disproportionate to the seriousness of the offense.

{¶15} However, the trial court found that the harm caused to the victim, a minor, was so great that a prison term on just one offense was not enough. Appellant, the victim's uncle, entered the victim's room while she was playing with Barbies and engaged in sexual conduct and sexual contact with the victim. The consecutive sentence was necessary because of the harm caused and the danger Appellant presented to the public.

**{¶16}** The trial court made the required findings under R.C. §2929.14(C)(4) for consecutive sentences.  It was not contrary to law and was supported by the record.

**{¶17}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶18}**  In Appellant's Second Assignment of Error, Appellant argues the trial court erred by sentencing him disproportionately, and this amounts to cruel and unusual punishment. We disagree.

**{¶19}** The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

**{¶20}** Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishment inflicted."

**{¶21}** " 'The Eighth Amendment does not require strict proportionality between crime and sentence. Rather it forbids only extreme sentences that are "grossly disproportionate" to the crime.' " *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring in part and in judgment). "A court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. (Footnotes omitted.)" *State v. Morin*, 5th Dist. Fairfield No. 2008-CA-10, 2008-Ohio-6707, ¶69, citing *Solem v.*

*Helm*, 463 U.S. 277, 290-292, 103 S.Ct. 3001, 3010-3011, 77 L.Ed.2d 637, 649-650 (1983).

**{¶22}** " 'As a general rule, a sentence that falls within the terms of a valid statute cannot amount to cruel and unusual punishment.' " *State v. Hairston*, 118 Ohio St.3d 289, 293, 2008-Ohio-2338, 888 N.E.2d 1073, ¶21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964).

**{¶23}** In the case *sub judice,* Appellant argues that Appellant's lack of criminal history should provide for a less severe sentence than a defendant with prior convictions committing the same crime. Appellant does not challenge the sentencing statutes pursuant to which he was sentenced, nor does he argue he was not sentenced within a range permitted by statute. Since the court considered the record, all statements, victim impact statements, the principles and purposes of felony sentencing under R.C. §2929.11, and seriousness and recidivism factors under R.C. §2929.12, we find Appellant has not demonstrated his sentence constitutes cruel and unusual punishment under the United States and Ohio Constitutions.

**{¶24}** Appellant's second Assignment of Error is overruled.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.



JWW/d 1121